UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RAMSEY, #425126,

    Petitioner,

v.                              Case No. 2:08-CV-10609

CINDI CURTIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT**

Petitioner James Ramsey presently incarcerated at Huron Valley Complex-Men in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. In his *pro se* application, Petitioner challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws §750.316(1)(a); assault with intent to commit murder, Mich. Comp. Laws §750.83; and felony-firearm, Mich. Comp. Laws §750.227b. Respondent has filed a motion for summary judgment contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. §2244(d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, the court will deny Respondent's motion for summary judgment and order Respondent to submit a substantive answer responding to the claims raised in Petitioner's habeas petition and to file the Rule 5 materials with the court within forty-five (45) days.

## I. BACKGROUND

Petitioner was convicted by a jury in Wayne County Circuit Court of the above offenses and was sentenced on August 22, 2002 to life imprisonment for the murder conviction,10 to 20 years' imprisonment for the assault with intent to commit murder offense, and a 2 year term for the felony-firearm conviction.

Petitioner filed an appeal of right with the Michigan Court of Appeals wherein Petitioner's conviction was affirmed. *People v. Ramsey,* No: 245614, 2004 WL 1108625 (Mich. Ct. App. May 18, 2004). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Ramsey,* 471 Mich. 922; 688 N.W.2d 830 (2004) (table). Petitioner claims that he filed a motion for relief from judgment with the trial court on November 15, 2005. Respondent asserts that the motion for relief from judgment was not filed with the trial court until August 7, 2006. Petitioner's post-judgment motion was denied on October 11, 2006. Petitioner filed a delayed application for leave to appeal the October 11, 2006 trial court order with the Michigan Court of Appeals, which was denied. *People v. Ramsey,* No: 276031 (Mich. Ct. App. July 26, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Ramsey,* 480 Mich. 1043; 743 N.W.2d 876 (2008) (table). Petitioner signed and dated his petition for habeas relief on February 4, 2008.[1]

---

[1] Under the prison mailbox rule, the court will consider that petitioner actually filed his habeas petition on February 4, 2008, the date that it was signed and dated. See *Neal v. Bock,* 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000) (quoting Fed R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations. See *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); see also *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).

In this case, the direct appeal of Petitioner's conviction ended when the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 22, 2004. Petitioner's conviction would become final, for the purposes of commencing the AEDPA's one-year limitations period, on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on February 21, 2005, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D. Mich. 1998). Therefore, because Petitioner's conviction became final after the April 24, 1996 enactment date of the AEDPA, Petitioner had one-year from February 21, 2005 to timely file a petition for habeas relief with the federal court. 28 U.S.C. §2244(d)(1)(A). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than February 21, 2006.

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. See *Hargrove v. Brigano,* 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. *Benoit v. Bock,* 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. The

point of contention in this matter is whether Petitioner filed his motion for relief from judgment before the statutory period expired, thus tolling the statute of limitations and requiring this court to find his habeas petition timely.

Respondent claims that Petitioner did not file his motion for relief from judgment until August 7, 2006. This filing would have been after the February 21, 2006 expiration of the statutory period, thus barring Petitioner's habeas petition from being timely. However, Petitioner asserts that he filed his motion for relief from judgment on November 15, 2005. This filing would have been prior to the February 21, 2006 statutory deadline and would have resulted in the limitations period being tolled as he sought collateral review of this matter. Since the Rule 5 materials have not been filed, the court is left to rely upon submissions of proof by the parties and upon its own independent investigation in order to determine the date of the post-judgment filing.

Although Respondent cites "Wayne County Register of Actions, Case No. 01-012708-01-FC" as its authority to support that the motion for relief from judgment was filed on August 7, 2006, it is not attached to its summary judgment motion for the court's review. (Mot. at 5). Petitioner, however, attached to his responsive pleading an "expedited legal mail" form which indicates that he mailed a "6.500 motion" to "1441 St. Antoine, Frank Murphy Hall of Justice, Det. Mich. 48226" on November 15, 2005. The portion of the "expedited legal mail" form completed by the mail room staff further indicates that Petitioner paid $3.95, and the mailing was placed in the outgoing mail on November 15, 2005.

The court also contacted the criminal division of the Wayne County Circuit Court for further verification. There was no docket entry confirming that Petitioner filed his

motion for relief from judgment *at all;* only the date the order denying relief was entered on October 11, 2006.  However, there was a docket entry dated August 7, 2006, but the entry for the date was titled "Defense Reply."  Petitioner argues in his answer to Respondent's summary judgment motion that August 7, 2006 was not when he filed his motion for relief from judgment as Respondent argues, but rather when the prosecuting attorneys responded to his motion for relief from judgment. (Reply at 3).  Although "defense" would seem to reference the Petitioner at the trial level, a motion for relief from judgment is not a "reply."  Petitioner is the moving party seeking relief from a judgment that was entered over three years earlier.  Since Petitioner was the moving party, an answer or "reply" from the prosecution in response to the post-judgment motion could be interpreted as "Defense Reply."  This argument together with the circuit court docket entry language and Petitioner's attachment persuades the court that Respondent has not met her burden on summary judgment to show that Petitioner's habeas petition is time-barred.

### III.  CONCLUSION

IT IS ORDERED that "Respondent's Motion for Summary Judgment" [Dkt. #7] is DENIED.

IT IS FURTHER ORDERED that Respondent submit a substantive answer responding to each of the claims raised in Petitioner's habeas petition in accordance with Rule 5, Rules Governing Section 2254 Cases by **April 24, 2009.**

IT IS FURTHER ORDERED that, as part of the answer, Respondent shall file with

the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5.  A separate index listing the materials being submitted shall also be filed by **April 24, 2009**.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record and James Ramsey #425126, OAKS CORRECTIONAL FACILITY, 1500 Caberfae Highway, Manistee, MI 49660 on this date, February 26, 2009, by electronic and/or ordinary mail.

        S/Lisa Ware for Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522