UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RAMSEY, #425126,

    Petitioner,

v.                                         Case No. 2:08-CV-10609

CINDI CURTIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S "MOTION TO OBJECT"**

Petitioner James Ramsey, presently incarcerated at St. Louis Correctional Facility, in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. In his *pro se* application, Petitioner challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws §750.316(1)(a); assault with intent to commit murder, Mich. Comp. Laws §750.83; and felony-firearm, Mich. Comp. Laws §750.227b.

On August 20, 2008, Respondent filed a motion for summary judgment contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. §2244(d)(1). Petitioner filed a response to the motion for summary judgment. On February 26, 2009 the court denied Respondent's motion, finding that she had "not met her burden on summary judgment to show that Petitioner's habeas petition is time-barred." (2/26/09 Order at 6). The court ordered Petitioner to file a substantive answer and the Rule 5 materials by April 24, 2009. Respondent complied with the court's Order by filing her answer on April 6, 2009 and the Rule 5

materials on April 16, 2009. Petitioner then filed the instant motion objecting to Respondent's answer and requesting that the court review the merits of his habeas claims. For the reasons that follow the court will deny the motion.

## I.  DISCUSSION

The basis for Petitioner's objection to Respondent's answer is two-fold. First, Petitioner claims that Respondent should not have been permitted additional time to file a substantive response to the habeas petition since she was initially allowed six (6) months to file a response with the court as set forth in the "Order Requiring Responsive Pleading" and that deadline passed on August 28, 2008. (*See* 2/22/08 Order). Petitioner argues that, rather than setting forth only one argument in "Respondent's Motion for Summary Judgment," Respondent should have presented both her statute of limitations argument and substantive defenses in one responsive pleading, which should have been filed on August 20, 2008.

According to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, a respondent's answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. Also, under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Respondent complied with the court's "Order Requiring Responsive Pleading" and filed a responsive pleading in the form of a motion for summary judgment on August 20,

2

2008. Although the motion for summary judgment did not address the allegations in the habeas petition, it was Respondent's claim that the petition was time-barred, thus vitiating the need to proceed on the merits. Just as the court may summarily dismiss a petition without ordering a responsive pleading, a respondent may likewise file a motion making the same argument. If the court does not agree, as in this case, the respondent will be ordered to file a responsive pleading addressing the merits of petitioner's habeas claims.

Therefore, it was not inappropriate[1] for Respondent to first file her motion for summary judgment arguing that Petitioner was not entitled to relief based upon statute of limitations grounds. Upon the court's finding that Respondent did not meet her burden of proof to prevail upon a motion for summary judgment, it was equally appropriate for the court to impart additional time for Respondent to file a substantive answer.

Second, Petitioner asserts that Respondent's answer sets forth the argument that his habeas claims should be dismissed on procedural default grounds as opposed to being reviewed on the substantive merits. Although it is true that Respondent raises the issue of procedural default as a basis for denying the habeas petition, Respondent also addresses the merits of each of Petitioner's eight (8) habeas claims. (*See 4/6/09* Respondent's Answer at 8, 12. 16, 17, 20, 22, 24).

Therefore, Respondent is in compliance with this court's February 26, 2009 order requiring a timely substantive answer and submission of the Rule 5 materials. Moreover, upon the court's review of the relevant pleadings, Respondent is also in compliance with

---

[1] The court does note, however, that at least in this case it would have been perhaps more efficient to include all arguments in one responsive pleading.

3

Rule 5(b) by setting forth both procedural and substantive arguments in response to the habeas petition.   The court finds no basis for Petitioner's objection and will review all pleadings and Rule 5 materials filed in connection with the habeas petition.

Finally, Petitioner requests that his habeas claims be reviewed on the merits. Until the court has reviewed all of the pleadings and Rule 5 materials, it will remain unknown whether a decision as to each of Petitioner's eight (8) habeas claims will be made based on the merits or upon procedural grounds. One or more of three following instances will occur: (1) the claim(s) will be dismissed on procedural default grounds; (2) the court will find that the claim(s) are procedurally defaulted, but will find it more judicially efficient to review the merits; and/or (3) the court will not find a procedural bar and will review the issue only on the merits.  In any event, the court will thoroughly review the habeas claims presented and will issue a comprehensive opinion and order resolving this matter.

## II.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Object"  [Dkt. # 13] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2009, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-10609.RAMSEY.ObjectToResponse.ka.wpd